**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ILNAM OH, et al.,

                Petitioners,

  v.

PAMELA BONDI, Attorney General,

                Respondent.

No. 20-71759

Agency Nos.
A206-859-965
A206-859-966
A206-859-967

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026[**]
Honolulu, Hawaii

Before: BYBEE, R. NELSON, and FORREST, Circuit Judges.

Petitioner Ilnam Oh is a native of China and a citizen of South Korea.[1] He

seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]     Oh's wife and minor child derivatively seek relief through his application. For simplicity, we refer exclusively to Oh.

application for asylum. We deny his petition.

We have jurisdiction pursuant to 8 U.S.C. § 1252. When "the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). We review factual findings as to asylum for "substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (citation omitted).

Substantial evidence supports the BIA's finding that Oh failed to establish a nexus between the persecution he purportedly suffered and the protected grounds of race and political opinion that he claims were central to his persecution. The BIA, reviewing the IJ's finding of fact, affirmed the conclusion that "the applicant was harmed because he resisted the police and his friend fled from the police," and not centrally because of his protected characteristics. Oh does not deny that his friend fled and that he resisted the police. The BIA recognized that Oh believed "the punishment inflicted on him was because the South Korean police had the notion that he was a Chinese citizen who dared to meddle into [an] anti-South Korean government demonstration." But, acknowledging this argument, the BIA did not find clear error. Neither do we find that the BIA's determination lacked grounds in substantial evidence. The evidence must compel a contrary conclusion for us to hold

otherwise. *Id.* A reasonable adjudicator could find Oh's treatment was due to his resisting the police. *See id.* The resulting "lack of a nexus to a protected ground is dispositive" of Oh's asylum claim. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

The petition is **DENIED**.[2]

---

[2] On the same grounds, Oh's motion to stay removal is also **DENIED**.